Dkake, Ob. J.,
delivered the opinion of the court:
In these cases a motion for a new trial is filed on behalf of the claimants, on these grounds:
1. “ That the amount involved is too small in either case to appeal the cases, or either of them.
2. “ That the want of proof of loyalty, the only ground for dismissing the petitions, can be supplied if time is allowed for that purpose, so as to bring the cases within the rule laid down by the court.
3. “That there is nothing in the record tending to show that these claimants, or either of them, rendered any aid or comfort to the rebellion, or that they did any act tending to show that they were not loyal to the United States.”
The- ninth section of the Act 24th February, 1855, (10 Stat. L., 612,) establishing this court,-is in the following words:
“ That the claims reported upon adversely shall be placed upon the calendar when reported, and if the decision of said court shall be confirmed by Congress, said decision shall be conclusive; and the said court shall not at any subsequent period consider said claims, unless such reasons shall be presented to said court as, by the rules of common law or chancery, in suits between individuals, would furnish sufficient ground for granting a new trial. ”
We consider that this section applies to cases in this court under its present organization, as well as under its original constitution under that act; and precludes our granting a new trial to claimant in any case where, by the rules of the common law or chancery, it would not'be granted.
The present motion presents no such ground as would, at the common law or in chancery, justify a new trial.
*229 The first reason assigned is simply no reason. The amount in controversy in a case here cannot change the rules of law; nor have we one rule of law for cases in which an appeal would lie, and another for those in which it would not.
The third reason is equally weak. The claimants were bound to prove their loyalty by affirmative evidence; the defendants were not bound to prove acts of disloyalty on the part of the claimants to defeat their recovery.
The second reason alone has any approach to a legitimate character as a ground for a new trial. It says, “ that the want of proof of loyalty — the only ground for dismissing the petitions — can be supplied if time be allowed for that purpose.”
This is, in effect, a request to the court to grant a new trial, so as to give the claimants time to make proof which they took their own time before the trial to make, and failed to make. Under the rules of this court they were not, and could not have been, forced to trial; but they came to it at the time of their own selection. If they had not, then, before the court sufficient evidence to prove their loyalty, it was either because they could not get it, or did not use due diligence to obtain it.
In support of the claim that their loyalty can be proved, if time be given, an affidavit of Thomas Henry Yeatman is filed. He was an assistant agent of the Treasury Department, at Memphis, Tennessee, in the years 1863 and 1864, and knew the claimants there, and “ confided and trusted them as loyal men, giving them permits to supply their plantations with provisions; and that he would not have done so without they had taken the oath of allegiance prescribed by the President’s proclamation of 1863, as that was the rule established, and never departed from, so far as now remembered, and he has no doubt that each did take said oath.”
This statement, if admitted in evidence, would not prove the loyalty of the claimants, as required by the acts of Congress; and, if it would, it is not claimed that the evidence is newly' discovered; but, on the contrary, the claimants must have fully known before the trial the facts stated by Mr. Yeatman, and that he could testify to them, but took no steps to obtain his testimony.
In further support of the claim that the loyalty of Warren Shaw can be proved, if time be given, there is filed in the case what purports to be a copy of an oath of allegiance to the *230 United States, taken by him in June, 1863, which, he swears to be a true copy, but assigns no reason why it was not produced-on trial. He, of course, knew that he had taken that oath, and it was gross negligence on his part not to have offered evidence of that fact on trial.
In every view, there is no proper ground for granting a new trial.
The motion is overruled.