Davis, J.,
delivered the opinion of the court:
This case was tried at the last term, and -judgment rendered for the claimant for only a part of his claim, without an opinion. At the same term he moved for a new trial, assigning, as the-grounds of the motion—
“First. Error in the judgment of the court.
“ Second. That the judgment is against the weight of the evidence.
*57 “Third. Newly-discovered evidence.
“Fourth. Other causes apparent on the record,” &c.
The motion was supported by no affidavit or other proof.
In the act of February 34, 1855, authorizing the creation of' this court, although no power was conferred upon it to render a judgment against the United States, the government and its officers were jealously protected against the annoyance of rein-vestigating claims which had been examined and rejected. (§ 9-,. 10 Stat. L., 614.) After the reorganization in 1863, the court held that the ninth section of the act of 1855 “ applies to cases-under its present organization as well as under its original constitution under that act, and precludes our granting a new trial to claimants in any case Avliere, by the rules of the common law or ehanceiy, it would not be granted.” (Deeson's Case, 6 C. Cls. R., 227.)
Shortly after this, the court had occasion to consider the subject again, and laid down the folio Aving doctrine:
“The common-law rule is too well known, and too certainly fixed, to need investigation, being almost universally enunciated in the .same terms by the English, Federal, and State courts.. It is enough to say that it imposes upon the moAÚng partjr these conditions: 1. That the evidence has come to his knowledge since the trial. 2. That it was not owing to the want of due diligence that it did not come sooner. 3. That it is so material that it would probably produce a different Arerdict if the neAV trial AArere granted. 4. That it is not cumulatNe. 5. To which is added ‘a new trial will not be granted if the only object of the newly-discoATered evidence is to impeach the character or-credit of a witness.’ Graham and Waterman, p. 1021. (Silvey’s Case, 7 C. Cls. R., 308.)
There was a great difference of opinion in the court on other points in that case, but none as to these rules.
Two years after the latest of these decisions, Congress enacted the existing pro\rision of the Eevised Statutes, authorizing this court, when judgment is rendered against a claimant,, t6 grant a new trial for any reason which, by the rules of common law or chancery, in suits between indmduals, Avould furnish sufficient ground for granting a now trial. (Rev. Stat., § 1087.)
So far as there can be an implied legislative recognition of the decisions of a court, it is to be found in this act. Not-vrithstanding the requirements of law, and of our regulations. *58 founded upon it, tbe practice of the bar in regard to claimants’ motions for new trial grew to be lax. Several were made as irregular in finm and as defective in requirements as the one we are now considering. We therefore determined to insert in our rules, which had before then been silent, the substance of our previous rulings on this subject. This was done in Article XVII in almost the exact language of the court in Silvey’s ■case.
Although the new rule required nothing that had not been ■previously required, we thought it better to give to counsel in each pending motion an opportunity to cure all defects, and bring his motion, if he could do so, within the rules prescribed by the statute. We therefore, simultaneously with promulgating the new rule, made the following order:
“ Ordered, That all pending motions for new trial be reformed, ■on or before the first day of October next, so far as to conform with the rules this day adopted in regard to such motions, and when so reformed shall be considered and proceeded with in the manner prescribed in said rules, and that a copy of this oi’der be sent by the clerk to the attorney of record in. each ■case wherein such a motion is now pending.” ■
At the opening of the court on the 24th November the claimant’s attorney, availing himself of the opportunity to correct the defects in his motion, obtained leave to file it as amended, as of the 1st October; and the amended motion and proof were afterwards submitted without argument. It asks for a new trial on two grounds, which we will consider separately.
It alleges that there was error of fact in that the finding was against the weight of evidence. We see no reason to review our conclusions on this point. The case was thoroughly argued, and has been carefully considered. Nor does this part of the motion comply with the rule which requires counsel to give full reference to the evidence which is relied on for its support. We infer that the counsel places no reliance on this branch of his case. The other ground is thus stated:
“ Newly-discovered evidence. The claimant’s have ascertained since the trial of the case that they can prove by one J. E. Tewell, now a clerk by occupation in the city of New Orleans, La., that the cotton of claimants, which was seized at Jefferson, Tex., in July, 1865, was shipped from Marshall, Tex., to Shreveport, La., and from thence to New Orleas, La., in the said year 1865, &c. And this evidence was unknown to the claimants .and their attorneys until after the trial of the case in this court.”
*59 In this respect tbe motion sets forth the facts which the claimants expect to prove; the name, residence and occupation of the witness by whom they expect to prove them; and that the facts were unknown to the claimants or their attorney until after trial; but it does not aver that the claimants, their attorney or counsel could not have discovered the facts before the trial, if due diligence had been used. The claimants’ affidavit, however, which is offered in support of the motion, contains statements which supply the deficiency. Although it would be better practice to put the averments respecting diligence in the motion, it is sufficient if they are supported by the proof.' Whether the proof is to be regarded as supporting them depends upon the merits of the particular case, and is to be determined on the evidence offered, the character of the witnesses if they happen to be known to any member of the court, and the surroundings of the case. In the present case we are satisfied that the claimants were guilty of no negligence in their failure to find and produce Tewell’s testimony at the trial.
The motion is allowed.